UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA )
                         )
            V.           )          CR-05-30002-MAP
                         )
(1) FRANK DEPERGOLA, and )
(2) ARMANDO BOTTA,       )
```

GOVERNMENT'S REQUESTS FOR INSTRUCTIONS

The United States of America, pursuant to Rule 30, Federal Rules of Criminal Procedure, submits herein its requests for instructions to the jury.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Todd E. Newhouse

TODD E. NEWHOUSE
Assistant United
States Attorney

<u>REQUEST NO. 1</u>
<u>Jury Duty to Determine Facts and Follow Instructions</u>

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case--that is, in reaching your decision as to the facts--it is your sworn duty to follow the law I am now in the process of defining for you. You must follow all my instructions as a whole.  You may not disregard or give special attention to any one instruction, or question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath

2

you took before being accepted by the parties as jurors in this

case, and they have the right to expect nothing less.

Adapted from <u>Pattern Criminal Jury Instruction</u>, Fifth Circuit
District Judges Association (West 1990), p. 15.

REQUEST NO. 2

<u>Presumption of Innocence,
Burden of Proof,
Reasonable Doubt</u>

The indictment is a formal charge against a defendant and is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

While the Government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  Proof beyond a reasonable doubt does not mean proof to a mathematical certainty.  What it does require is that the evidence exclude any "reasonable doubt" concerning the defendant's guilt.  A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that a reasonable person would  not hesitate to act upon it in the most important of his own affairs. If you are convinced that the accused has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

4

<u>See Pattern Criminal Jury Instructions</u>, Fifth Circuit District Judges Association (West 1990), p.16; <u>Dunn v. Perrin</u>, 570 F.2d 21 (1st Cir. 1978); <u>Holland v. United States,</u> 348 U.S. 121, 140 (1954).

REQUEST NO. 3

Entire Evidence Should Be Considered

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt, but it is not necessary that each subsidiary fact should be proved beyond a reasonable doubt. Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others; but the entire evidence should be considered and the weight of the evidence should be determined from the whole body thereof.

See United States v. Bottone, 365 F.2d 389 (2d Cir.), cert. denied, 385 U.S. 974 (1966); United States v. Manning, 448 F.2d 992, 999 (2d Cir.) cert. denied, 404 U.S. 995 (1971).

<u>REQUEST NO. 4</u>

Evidence – Excluding Argument of
<u>Counsel and Comment of Court</u>

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and all the exhibits admitted in the record, including the tape recordings.  Remember that statements or arguments made by the lawyers are not evidence in the case. Neither, of course, are questions which were not answered or as to which objections were sustained.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

At times during the trial you saw a lawyer make an objection to questions asked by the other lawyer and to answers by witnesses.  This simply meant that the lawyer was requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  These only related to the legal questions that I had to determine and should not influence your thinking.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.  Similarly, when

7

I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

Also, during the course of a trial I occasionally made comments to the lawyers, or asked questions of a witnesses, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

See Pattern Criminal Jury Instructions, Fifth Circuit District
Judges Association (West 1990) p.18; Pattern Criminal Jury
Instructions, Federal Judicial Center (1982), p.14.

REQUEST NO. 5

Inferences; Direct and Circumstantial Evidence

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as a witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of a defendant.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence in the case, giving it such weight as you believe it deserves.

Adapted from Pattern Criminal Jury Instructions, Fifth Circuit District Judges Association (West 1990), p.19; 1 Devitt and Blackmar, Federal Jury Practice & Instructions, (3d ed. 1977) §15.02.

REQUEST NO. 6

Credibility of Witnesses

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the government or the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

See Pattern Jury Instructions, Fifth Circuit District Judges Association (West 1990) p.20.

REQUEST NO. 7

Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses".  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.  As with any other witness, it is up to you to decide whether to believe the testimony of an expert witness and whether to rely on it, in whole or in part.

2 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, (3d ed. 1977) §72.07; <u>Pattern Criminal Jury Instructions</u>, Fifth Circuit District Judges Association (West 1990), p.29; <u>Pattern Criminal Jury Instructions</u>, Federal Judicial Center (1982), p. 36.

REQUEST NO. 8

Accomplice/Informer/Immunized Witnesses

The testimony of an alleged accomplice and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by any of those circumstances, or by his interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that he has received as a result of being immunized from prosecution; and, if you determine that the testimony of such a witness was affected by any one or more of those factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, Fifth Circuit District Judges Association (West 1990), pg. 26. See also Devitt and Blackmar, Federal Jury Practice and Instructions (3rd ed. 1977) §17.02.

12

REQUEST NO. 9
Electronic Surveillance Evidence - Use of Transcripts

The evidence against the defendants in this case includes tape recorded conversations.  These conversations were legally recorded by the government pursuant the consent of Louis Petruzzi; they are a proper form of evidence for this trial and may be considered by you, just as any other evidence. The innocence or guilt of the defendant in the case depends upon all of the evidence, from tapes, testimony, and exhibits presented before the court.

Transcripts were furnished to you as you listened to the tape recorded conversations. I admitted these transcripts for the limited purpose of assisting you in following the content of the conversation as you listened to the tape recordings and to aid you in identifying the speakers.

I have instructed you on several occasions that the tape recordings themselves, and not the transcripts, are evidence in this case.  You may consider only what you hear as the tapes are being played and you may not rely on what you read on the transcripts. This does not mean that you may consider as evidence only those words that you may be able to hear without the aid of a transcript. You may use the transcripts to help you hear words spoken on the tapes and you may consider any words that you in fact hear. You may not consider any words that you read on the transcripts but that you do not hear.

13

REQUEST NO. 10

"On or About" - "Willfully and Knowingly"

You will notice that the indictment charges that both crimes were committed "or on about" a certain date rather than "on" a certain date.  The explanation of the use of the words "on or about" is that the proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case established beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The words "knowingly" and "willfully" will be used from time to time in these instructions.  The term "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.  The word "willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

1 Devitt & Blackmar, Federal Jury Practice and Instructions (3d ed. 1977), §13.05.

14

REQUEST NO. 11

<u>Duty to Deliberate</u>

Any verdict must present the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

<u>Pattern Criminal Jury Instructions</u>, Fifth Circuit Judges Association, (West 1979).

15

<u>REQUEST NO. 12</u>

<u>Duty to Decide the Case on the Basis of Evidence</u>

You must decide the case on the evidence, and the evidence alone. You must not be influenced by sympathy, bias or prejudice of any kind.

Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed on a defendant, if convicted, to influence your verdict in any way or in any sense enter into your deliberations.


Adapted from 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, (3d ed. 1977) §18.02.

REQUEST NO. 13

18 U.S.C. §891 - Definition of Terms

In order for you to understand the extortionate credit transactions statutes, you must first understand the meaning of certain words as they are used in these statutes.  I instruct you that:

To "extend credit" means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising, may or will be deferred.  18 U.S.C. §891 (1).  The statute applies to agreements to defer repayment of any type of loan.  See United States v. Mase, 556 F.2d 671, 674 (2d Cir. 1977), cert. denied, 435 U.S. 916 (1978); United States v. Roberts, 546 F.2d 596, 597 (5th Cir. 1977), cert. denied sub nom. Mancini v. United States, 431 U.S. 968 (1977); United States v. Keresty, 465 F.2d 36, 41 (3rd Cir. 1972), cert. denied, 409 U.S. 991 (1972).  The statute may apply even where no money is actually transferred to the borrower and even when no interest is charged. See United States v. Totaro, 550 F.2d 957, United States v. Andrino, 501 F.2d 1373, 1377 (9th Cir. 1974).

The term "creditor", with reference to any given extension of credit, refers to any person making that extension of credit, or to any person claiming by, under, or through any person making that extension of credit.  18 U.S.C. §891 (2).

17

The term <u>"debtor"</u>, with reference to any given extension of credit, refers to any person to whom that extension of credit is made, or to any person who guarantees the repayment of that extension of credit, or in any manner undertakes to indemnify the creditor against loss resulting from the failure of any person to whom that extension of credit is made to repay the same. 18 U.S.C. §891 (3).

The <u>repayment of any extension of credit</u> means the repayment, satisfaction, or discharge in whole or in part of any debt or claim, acknowledged or disputed, valid or invalid, resulting from or in connection with that extension of credit. 18 U.S.C. §891(4).

REQUEST NO. 14

Extortionate Extensions of Credit Definitions

An extortionate extension of credit is any extension of
credit with respect to which it is the understanding of the
creditor and the debtor at the time it is made that delay in
making repayment or failure to make repayment could result in the
use of violence or other criminal means to cause harm to the
person, reputation, or property of any person. 18 U.S.C. §891 (6).
The "understanding" which must be proved may either be an
agreement between the debtor and creditor or an awareness or
comprehension. United States v. DeVincent, 546 F.2d 452, 455, n.1
(1st Cir. 1976); United States v. Annoreno, 460 F.2d 1303, 1309
(7th Cir. 1972), cert. denied, 409 U.S. 852 (1972).  Testimony of
a friendly relationship between the creditor and debtor does not
preclude a finding that an extension of credit was extortionate.
See United States v. DeLutro, 435 F.2d 255, 256 (2nd Cir. 1970),
cert. denied, 402 U.S. 983 (1971); United States v. Dennis, 625
F.2d 782, 803 (8th Cir. 1980); United States v. Spears, 568 F.2d
799, 801 (10th Cir.), cert. denied, 439 U.S. 839 (1978).

The statute also provides that if you find that four specific
factors are all present in connection with an extension of credit,
there is prima facie evidence that the extension of credit is
extortionate.  Prima facie evidence is evidence which you may find
establishes a fact unless or until it is countered or disputed by
other evidence in the case.  However, you are not bound to
determine that the extension of credit is extortionate even if you

19

find these four factors are present and you are free to disregard the prima facie standard, if you so chose.  Those four factors are the following:

(1) The repayment of the extension of credit, ... would be unenforceable through civil judicial processes against the debtor in Massachusetts. In this regard, I instruct you that any loan made in the State of Massachusetts which calls for the payment of more that 20 percent interest per year is in violation of Massachusetts usuary laws, and, therefore, repayment of such a loan cannot be enforced through civil court process. Massachusetts General Laws, Chapter 271, Section 49; Title 18 United States Code, Section 892(b)(1)(4); United States v. Barnes, 412 U.S. 837, 843-46 (1973).

(2) The extension of credit was made at a rate of interest in excess of an annual rate of 45 percent; and

(3) At the time the extension of credit was made, the debtor reasonably believed either that the defendant had used extortionate means to collect or attempt to collect other debts or that the nonpayment thereof had been punished by extortionate means or that the defendant had a reputation for doing so. 18 U.S.C. §892(b). United States v. Martorano, 557 F.2d 1 (1st Cir. 1977) cert. denied, 435 U.S. 922 (1978); United States v. DeVincent, 546 F.2d 452 (1st Cir. 1976), cert. denied, 431 U.S. 903 (1977).

(4) The loan, when added to the borrower's existing debts to the same creditor exceeded $100.00

20

An extortionate means is any means which involves the use, or
an express or implicit threat of use, of violence or other
criminal means to cause harm to the person, reputation, or
property of any person.  18 U.S.C. Section 891 (7). It is not
necessary that you find that the debtor was afraid of the
creditor. See United States v. Dennis, 625 F.2d 782, 803 (8th Cir.
1980).

REQUEST NO. 15

18 U.S.C. §894(a) - The Statute

Count Two of the indictment alleges a violation of section 894(a) of Title 18 of the United States Code.  That statute provides in pertinent part:

> Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means
>
> (1) to collect or attempt to collect any extension of credit, or
>
> (2) to punish any person for the nonrepayment thereof, shall [be guilty of an offense against the United States].

REQUEST NO. 16

Elements of Section 894

There are three elements which must be proved in order for you to find the defendant guilty of violating Section 894.

<u>First</u>:  The existence of an extension of credit must be proven;

<u>Second</u>:  The defendant used extortionate means to collect, attempt to collect, or punish nonrepayment of the debt;

<u>Third</u>:  The defendant acted knowingly.

United States V. Natale, 526 F.2d 1160 (2nd Cir. 1975) cert denied 425 U.S. 950 (1976); United States v. Joseph, 781 F.2d 549, 553 (6th Cir. 1986); United States v. Touloumis, 771 F.2d 235, 238 (7th Cir. 1985).

23

INSTRUCTION NO. 17

Definition of Collection

To "collect" under the statute means to induce in any way any
person to make a repayment of an extension of credit.

An attempt to collect a debt by extortionate means may
be found even though the effort is abandoned because of
problems arising out of the confrontation.


18 U.S.C. §891(5); 2 Devitt and Blackmar, Federal Jury Practice
and Instructions, (3d ed. 1977) §57.12; United States v. Nerone,
563 F.2d 836, 846-47 (7th Cir. 197 ), cert. denied, 435 U.S. 951
(1978).

INSTRUCTION NO. 18

Definition of an Extension of Credit

To "extend credit" as I have already defined for you means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising, may or will be deferred.  And further, the term repayment includes the repayment, satisfaction or discharge in whole or in part of any debt or claim, acknowledged or disputed, valid or invalid, resulting from or in connection with the extension of credit.

You will note that Section 894 has a broad view of what it is to extend credit.  The definition of extension of credit is directed to the collection of monies which the creditors maintain are owing to them, regardless of whether the loan arose from a traditional type of loan or resulted from the assumption of responsibility as a result of force or threats.  In fact, the extension of credit need not be a loan at all but may be based on any debt or claim for money, even a disputed or invalid debt or claim, if payment of that debt or claim has or will be deferred. Moreover, the extension of credit need not be expressly spelled out or expressly written out; the statute says the agreement may be any extension of credit.

18 U.S.C. §891(1) and (4); United States v. Cheiman, 578 F.2d 160, 162, 164 n.18 (6th Cir. 1978), cert. denied, 439 U.S. 1068 (1979); United States v. Bufalino, 576 F.2d 446, 452 (2d Cir.), cert. denied, 439 U.S. 926 (1978); United States v. Annorino, 495 F.2d 1159, 1166 and n.8 (7th Cir. 1974); United States v. Briola, 465 F.2d 1018, 1021 (10th

Cir. 1972), <u>cert. denied</u>, 409 U.S. 1108 (1973); Chief Judge
Caffrey's charge in <u>United States v. DeVincent,</u> (Crim. No.
75-,134-C, June 12, 1976 at 18, aff'd, 546 F.2d 452 (1st Cir.
197(-)), <u>cert. denied,</u> 431 U.S. 903 (1977).

INSTRUCTION NO. 19

Extortionate Means - Generally

I have already defined for you the term "extortionate means" which the government may seek to prove in several ways, such as by proof of an express or direct threat of violence or proof of an implied threat of violence.  For the purpose of showing an implicit threat as a means of collection, you may consider evidence tending to show that one or more extensions of credit by the defendant were, to the knowledge of the person against whom the implicit threat was alleged to have been made, collected, or attempted to be collected, by extortionate means or that the nonrepayment thereof was punished by extortionate means.

If you find that the defendant collected or attempted to collect an extortionate extension of credit, as I have previously defined that term, then you may find without additional evidence that the collection or attempted collection involved the implicit threat of violence. See United States v. Nakaladski, 481 F.2d 289, 298 (2nd Cir. 1973); United States v. Dennis, 625 F.2d 782, 803 (8th Cir. 1980).

18 U.S.C. §894(b); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, (3d ed. 1977) §57.11.

INSTRUCTION NO. 20

Threats

The government need not prove that the threat to use force and violence was explicit or expressed outright in so many words. Implicit threats to use force are also prohibited.  Any acts or statements constitute a threat under the law if they instill fear in the person to whom they are directed or are reasonably calculated to do so in light of the surrounding circumstances.

If you find that under all of the circumstances shown in the evidence that an ordinary person would have been put in fear of immediate bodily or economic harm or future bodily or economic harm from anything the defendant said or did to a debtor, then you should find that the defendant did plan to use extortionate means to instill fear within the meaning of these instructions.

United States v. Boley, 730 F.2d 1326, 1330 (10th Cir. 1984), Devin and Blackmar, Federal Jury Practice and Instructions, §57.15; United States v. Curcio, 310 F.Supp. 351, 357 (D. Conn. 1970).

Respectfully submitted,

MICHAEL SULLIVAN
United States Attorney

By:

/s/ Todd E. Newhouse

TODD E. NEWHOUSE
Assistant U.S. Attorney


CERTIFICATE OF SERVICE

Hampden,  ss.                         Springfield, Massachusetts
                                      June 2, 2006

        I hereby certify that this document(s) filed through the
ECF system will be sent electronically to the registered
participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non-
registered participants.


                                      /s/ Todd E. Newhouse

                                      TODD E. NEWHOUSE
                                      Assistant U.S. Attorney