UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| - against - ] | 05CR30002-MAP |
| ] | |
| ARMANDO BOTTA ] | |

## MOTION FOR VOIR DIRE

The Defendant, ARMANDO BOTTA, by his attorney, Lori H. Levinson, hereby requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the opportunity to personally voir dire the prospective members of the jury in order to provide effective assistance of counsel and to enable counsel to properly exercise the defendant's rights to peremptory challenges.

Counsel does not object to the Court's general inquiry, but does ask for a limited amount of attorney-conducted voir dire in light of the nature of the charges in this case, and the Defendant's relatively small involvement in the crimes alleged.

Defense counsel submits that an in-depth inquiry on a limited number of topics, including "guilt by association", and juror opinions about alleged organized crime be conducted by counsel in order to fully ascertain what attitudes, biases and prejudices the potential jurors might bring to a trial involving allegations of criminal conduct by alleged high-level organized crime figures, and in which there will be no evidence that the Defendant, Armando Botta was a member of any organized crime organization.

Accordingly, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the defendant hereby submits the following requests for general areas of questioning of prospective jurors in addition to the Court's general voir dire:

   a. Questions relating to jurors' attitudes on organized crime, including opinions on law enforcement efforts;

   b. Questions relating to whether jurors have any preconceived ideas about organized crime in general, or any of the individuals who will be prominently mentioned during the trial of this case;

    c. Questions relating to how jurors view their role as jurors in a case involving allegations against an alleged associate of organized crime members (i.e., views on duty to judge guilt or non-guilt of individual defendant as opposed to viewing case as vehicle for stopping organized crime-related activities in general);

    d. Questions relating to jurors' ability to understand that the defendant on trial is entitled to have his guilt or non-guilt judged individually;

    e. Whether jurors have read or heard anything about this case. If so, defendant requests that jurors be questioned about such publicity outside the presence of any other potential juror.

In addition to the above requests, it is also requested that the Court explore the following questions with prospective jurors during its general voir dire:

1. Each of you should state:
   (a) your name;
   (b) where you live;
   (c) how long you have lived at this address;
   (c)(1) if less than five years where else you have lived;
   (d) marital status;
   (e) the number and ages of your children, if any;
   (f) your occupation, its length, or previous employment; if retired, your previous employment;
   (g) your spouses occupation, its length, or previous employment; if retired, previous occupation;
   (h) whether you have the authority to promote, hire or fire people;
   (i) how many people you supervise;
   (j) how far you went in school;
   (k) what degree(s) you acquired.

2. Have you ever served in the United States military?
   If so:
   (a) what branch;
   (b) when;
   (c) rank;
   (d) where?

3. Do you know or recognize any other prospective juror in this courtroom this morning? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

4. Do you have any relatives or friends who are connected with:
(a) law enforcement;
(b) the district attorney's office;
(c) the United States Attorney's office;
(d) any law enforcement or quasi-law enforcement agency?
If you have such friends or relatives connected with law enforcement, have you ever discussed the quilt or innocence of people charged with violating laws?

5. Do you or any members of your family know any of the persons who are employed by the government who worked on this case, and/or any witness who may testify in this case?

6. Have any of you ever sat as a juror in a civil case? If so:
(a) when;
(b) where;
(c) how many times;
(d) did you ever deliberate with your fellow jurors?
(e) do you realize that the standard of proof required in a criminal case differs from that in a civil case?
(f) will you have any trouble following this Judge's instructions regarding the standard of proof required in a criminal trial?

7. Have you ever sat as a juror in a criminal case? If so:
(a) when;
(b) where;
(c) how many times;
(d) what kind of case(s);
(e) did you reach a verdict;
(f) what was the verdict?

8. Have any of you ever sat as a grand juror? If so:
(a) when;
(b) where;
(c) how many times?
(d) do you know the difference between being a grand juror and a trial juror? If so, please explain your understanding of the difference.

9. Have you, any members of your family or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

10. Have you or any members of your family ever been the victim of a crime? If so, please explain. If so, will that experience affect you in any way if you are chosen as a juror in this case?

11. Have you or any member of your family or any close personal friends ever been arrested? If so, please explain.

12. Will you have any trouble following the Court's instruction that an indictment is merely a device for setting in motion the presentation of a case to a jury, that it is not proof of guilt, and that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

13. How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt? Would you have any difficulty applying this presumption?

14. Will you be able to follow the Court's instruction that the burden or proof always rests with the government, and that a defendant does not have any burden of proof whatsoever?

15. If the prosecution in this case failed to meet their burden of proving guilt beyond a reasonable doubt, would you have any difficulty finding the defendant not guilty?

16. Knowing now that the burden of proof is on the prosecution, would you require Mr. Botta to satisfy you as to his innocence?

17. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

18. If Armando Botta does choose to testify, would you still be able to follow the Court's instruction that his testimony does not shift the burden of proof to the defense?

19. Would any of you change your verdict if a majority of the other jurors disagreed with your verdict?

20. In deciding whether or not to credit the testimony of a witness, would you consider the witness' conduct on the stand, the ability and opportunity of the witness to observe the facts he or she testifies

about, any bias or prejudice, and the probability or improbability of the testimony?

21. Will you judge each witness' credibility equally, and not give extra weight to a witness just because he or she is a government agent?

22. Do you think a government agent could be over-zealous in an attempt to get a conviction in a case that he or she has had something to do with?

23. .Do you feel that an agent who arrests someone and brings them to court might have some interest in the outcome of the case?

24. Have any of you at this time formed any opinion about the guilt or innocence of Armando Botta?

25. Do you think that if a person is arrested, he must be guilty of something?

## ADDITIONAL REQUESTS

Defendant reserves the right to request additional voir dire questions during the course of the examination of jurors if such questions become relevant based on jurors' answers.

Respectfully submitted,
ARMANDO BOTTA

By His Attorney

Lori H. Levinson
BBO#566685
CAIN HIBBARD MYERS & COOK, P.C.
66 West Street
Pittsfield, MA  01201
(413) 443-4771

Dated:  June 5, 2006