UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| - against - ] | 05CR30002-MAP |
| ] | |
| ARMANDO BOTTA ] | |

## REQUESTS FOR JURY INSTRUCTIONS

Now comes the defendant, Armando Botta, by and through his attorney, Lori H. Levinson, and hereby requests that this Honorable Court include the following instructions in its charge to the jury:

### 1. IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION

You must not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he may have associated with other people who were guilty of wrongdoing.

**Authority**

Second Circuit: United States v. Terry, 702 F.2d 299 (2d Cir.), cert. denied, 461 U.S. 931 (1983); United States v. Johnson, 513 F.2d 819 (2d Cir. 1978).
Third Circuit: United States v. Wexler, 838 F.2d 88, 91 (3d Cir. 1988).
Fifth Circuit: United States v. Perry, 624 F.2d 29 (5th Cir. 1980).
Seventh Circuit: United States v. Xheka, 704 F.2d 974 (7th Cir. 1983); United States v. Garcia, 562 F.2d 411 (7th Cir. 1977).
Eighth Circuit: United States v. Richmond, 700 F.2d 1183 (8th Cir. 1983).
Ninth Circuit: Ramirez v. United States, 363 F.2d 33 (9th Cir. 1966).

1 L. Sand, et al., Modern Federal Jury Instructions - Instruction #6-4

### 2. KNOWINGLY

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

**Authority**

Adapted from Devitt and Blackmar, Third Edition, § 14.04.

### 3. EVIDENCE APPLICABLE TO ONLY ONE DEFENDANT

As you know, Mr. Botta was charged in the indictment along with a co-defendant, Frank DePergola. Additionally, it was alleged that Adolfo Bruno was a co-conspirator in this case. They were charged together because the government has alleged that they worked together to commit the crime of collecting an extortionate extension of credit. Nevertheless, each person is entitled to have his case decided just on the evidence which applies to him. Some, indeed much, of the evidence in this case was limited to one of the defendants, Frank DePergola, and cannot be considered in the case of Armando Botta. That was a legal decision made by me. The testimony you heard about acts done by Frank DePergola alone or with Adolfo Bruno should be not be considered against the defendant, Armando Botta. What that means is that you may not consider it in any way when you are deciding whether the government has proved, beyond a reasonable doubt, that Armando Botta committed the crime of collection of an extension of credit by extortionate means.

**Authority**

Federal Judicial Center, Pattern Criminal Jury Instruction 19

### 4. TESTIMONY OF GOVERNMENT INFORMER

You have heard the testimony of Leone Daniele. He had an arrangement with the government under which he got paid for providing information about criminal activity. The government may present the testimony of such a person. Some people who get paid for providing information about criminal activity are entirely truthful when testifying. Still, you should consider the testimony of Mr. Daniele with more caution than the testimony of other witnesses. Since he may believe that he will continue to be paid only if he produces evidence of criminal conduct, he may have reason to make up stories or to exaggerate what others did. In deciding whether you believe Mr. Daniele's testimony, you should keep these comments in mind.

**Authority**

Federal Judicial Center Committee to Study Criminal Jury Instructions (Federal Judicial Center 1988), Pattern Instruction No. 25 at 34.

## 5. WITNESS USING OR ADDICTED TO DRUGS

There has been evidence introduced at the trial that the government called as a witness a person, Leone Daniele who was addicted to drugs during some of the time in which events he observed took place. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, Mr. Daniele's testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs at the time of the events he is testifying about may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

If you decide to accept Mr. Daniele's testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

### Authority

Second Circuit: United States v. Pagano, 207 F.2d 884 (2d Cir. 1953).
Third Circuit: Government of Virgin Islands v. Hendricks, 476 F.2d 776 (3d Cir. 1973).
Sixth Circuit: United States v. Griffin, 382 F.2d 823 (6th Cir. 1967).
Ninth Circuit: Guam v. Dela Rosa, 644 F.2d 1257 (9th Cir. 1980).
Tenth Circuit: United States v. Smith, 692 F.2d 658 (10th Cir. 1982), cert. denied, 459 U.S. 1200 (1983).

1 L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-9.1


## 6. DEFENDANT'S FAILURE TO TESTIFY

Armando Botta did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that Mr. Botta did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You must not consider this against the defendant in any way in your deliberations in the jury room.

## Authority

United States Supreme Court: Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965).

1 L. Sand, et al., Modern Federal Jury Instructions - Instruction #5-21

    The defendant reserves the right to supplement these requests if it becomes necessary during the course of the trial.

> Respectfully submitted,
> ARMANDO BOTTA
>
> By His Attorney
>
> _/s/ Lori H. Levinson_
> Lori H. Levinson
> BBO#566685
> CAIN HIBBARD MYERS & COOK, P.C.
> 66 West Street
> Pittsfield, MA  01201
> (413) 443-4771

Dated:  June 5, 2006