UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA )
                         )
            V.           )          CR-05-30002-MAP
                         )
(1) FRANK DEPERGOLA, and )
(2) ARMANDO BOTTA,       )
```

GOVERNMENT'S SUPPLEMENTAL REQUESTS FOR INSTRUCTIONS

The United States of America, pursuant to Rule 30, Federal Rules of Criminal Procedure, submits herein its requests for instructions to the jury.

<u>REQUEST NO. 1</u>

<u>Aiding and Abetting - 18 U.S.C. § 2</u>

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done -- that is to say with bad purpose, either to disobey or disregard the law.

<u>Pattern Criminal Jury Instructions for the District Court of the First Circuit</u>, Instruction No. 4.02 (1998). <u>See</u> <u>United States v. Spinney</u>, 65 F.3d 231, 234-35 (1st Cir. 1995); <u>United States v. Loder</u>, 23 F.3d 586, 590-91 (1st Cir. 1994).

REQUEST NO. 2

Evidence of Tape Recordings

The evidence against the defendants in this case includes tape recorded conversations. These conversations were legally recorded; it is a proper form of evidence for this trial and may be considered by you, just as any other evidence.

REQUEST NO. 3

Disregarding Disposition of Codefendants' Cases

A codefendant who was named with the defendants in this Indictment is not on trial and you are not asked to reach a verdict as to him.  You are not to be concerned with the codefendant, nor are you to speculate about the reasons why he is not part of this trial, and this fact should not affect or influence your verdict with respect to the defendants.  Likewise, you are not to speculate on why the defendants before you are charged in only one count and not the others.  You must base your verdict solely on the basis of the evidence or lack of evidence against the defendant.

REQUEST NO. 4

Conspiracy - 18 U.S.C. § 894

Defendant is accused of conspiring to commit a federal crime, specifically, the crime of Use of Extortionate Means to Collect an Extension of Credit. It is against federal law to conspire with someone to commit this crime.

For you to find defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, the existence of an agreement to use extortionate means to collect a loan; and

Second, that it was the intent of the defendant to use threats and/or actual violence when necessary to collect the extension of credit from the debtor.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider these factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be

committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

    Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

    The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 4.03 (1998).

REQUEST NO. 5

Conspiracy - Generally

A conspiracy is an agreement or combination of two or more persons to violate the law.  It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.  What this means is that each conspirator not only acts for himself, but also acts for the other conspirators.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

It is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.  What the evidence must show, however, is that the members in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

Pettibone v. United States, 148 U.S. 197, 203 (1893); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Winter, 663 F.2d 1120, 1136 (1st Cir. 1981), cert. denied, 460 U.S. 1011 (1984).

REQUEST NO. 6

Existence of the Conspiracy

In your consideration of the conspiracy offense as alleged in the Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.

To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed. It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law. A conspiracy is, by its very nature, usually secret in its origin and in its execution.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme, nor the fact of the defendant's participation in it need be proved by direct evidence. Both may be inferred from the development and course of dealings between the defendant and other conspirators.

Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1990), p. 89; United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981); United States v. Thompson, 621 F.2d 1147, 1151 (1st Cir. 1980); United States v. Hathaway, 534 F.2d 386, 400-401 (1st Cir.), cert. denied, 429 U.S. 819 (1976); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); United States v. Palladino, 203 F.Supp. 35, 37-38 (D.Mass. 1962).

REQUEST NO. 7

Conspiracy - Relative Roles/Identities of
Co-Conspirators and Details of Conspiracy

The extent of a defendant's participation and role in the conspiracy is not determinative of that defendant's guilt or innocence. Two persons may be found to have conspired even though the evidence of one's role is greater than the evidence of the other's role.

However, as to the defendant under consideration, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy.

A member of a conspiracy need not know the names, identities or even the number of all his co-conspirators. Nor need the government prove that he was aware of all the details of the conspiracy. An individual who joins a criminal venture with an indefinite outline is legally responsible so long as he understands and agrees to the purposes of the conspiracy even if he does not know all the details of the conspiracy's membership and activities.

United States v. Boylan, 898 F.2d 230, 241-3 (1st Cir.), cert. denied, 498 U.S. 849 (1990); United States v. Bryant, 364 F.2d 598, 603 (4th Cir. 1966); Hernandez v. United States, 300 F.2d 114, 122 (9th Cir. 1962); United States v. Andolschek, 142 F.2d 503, 507 (2d Cir. 1944) (L. Hand); United States v. Grabiec, Cr. No. 93-10278-REK, Jury Instructions.

REQUEST NO. 8

18 U.S.C. § 894 - Friendly Relationship

A friendly relationship between the collector and creditor does not preclude conviction.

United States v. DeLutro, 435 F.2d 255, 256 (2nd Cir. 1970).

REQUEST NO. 9

<u>Willful Blindness</u>

In deciding whether the defendant acted "knowingly," you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him where the acknowledgment of that obvious fact would have disclosed the existence of the use of extortionate means to collect a loan.  In order to infer knowledge of the use of extortionate means to collect a loan in this way, you must find that two things have been established:  first, that the defendant was aware of a high probability of the fact in question and, second, that the defendant consciously and deliberately avoided learning of or acknowledging that fact.  That is to say, that the defendant willfully made himself blind to that fact.

It is entirely up to you to determine whether the defendant has deliberately closed his eyes to a particular fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn of the fact is not sufficient.  There must be proof of a deliberate effort to remain ignorant of the particular fact, sufficient to persuade you beyond a reasonable doubt that the defendant actually had rendered himself willfully blind and therefore, by clear inference, acted knowingly.

<u>United States v. Gabriele</u>, 63 F.3d 61, 66 n.6 (1st Cir. 1995); <u>United States v. Brandon</u>, 17 F.3d 409, 451-52 n. 72 (1st Cir. 1994).

```
                              Respectfully submitted,

                              MICHAEL SULLIVAN
                              United States Attorney

                         By: /s/ Todd E. Newhouse
                              _____
                              TODD E. NEWHOUSE
                              Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

Hampden,   ss.                     Springfield, Massachusetts
                                   June 21, 2006

    I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served, by first class mail or ECF, a copy of the foregoing, to all counsel of record.

```
                              /s/ Todd E. Newhouse

                              TODD E. NEWHOUSE
                              Assistant U.S. Attorney
```